UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SARA ALSTON,

                 Plaintiff,

     - against -                          AMENDED COMPLAINT

THE CITY OF NEW YORK, NYPD POLICE OFFICER     JURY TRIAL DEMANDED
NARDA GRANT, Shield No. 09576; JOHN DOE
SUPERVISOR; JOHN DOE # 1; JOHN DOE #2; NYPD     18 Civ. 4216 (VEC)
POLICE OFFICER YVONNE EDWARDS, Shield No. 5597;
JOHN  DOES; and RICHARD ROES,

                 Defendants.
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

    1.     This is a civil rights action in which Plaintiff SARA ALSTON seeks relief for the

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys'

fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

    2.     This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

    3.     Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on March 27, 2017, within 90 days of the dismissal of the criminal charges against Plaintiff.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.     Plaintiff SARA ALSTON is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York.  Plaintiff is African-American.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

2

9.      Defendants GRANT, JOHN DOE SUPERVISOR, JOHN DOE # 1, JOHN DOE #2, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants GRANT, JOHN DOE SUPERVISOR, JOHN DOE # 1, JOHN DOE #2, EDWARDS, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants GRANT, JOHN DOE SUPERVISOR, JOHN DOE # 1, JOHN DOE #2, EDWARDS, and JOHN DOES are sued individually.

10.     Defendants JOHN DOE SUPERVISOR and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants JOHN DOE SUPERVISOR and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct

3

incidental to the performance of their lawful functions in the course of their duties.  Defendants

JOHN DOE SUPERVISOR and RICHARD ROES are sued individually.

<u>**STATEMENT OF FACTS**</u>

11.     On December 9, 2016, at approximately 1:30 a.m., Plaintiff got out of a friend's

car.

12.     Defendants JOHN DOE SUPERVISOR and JOHN DOE # 1 (both male)

approached Plaintiff, and asked for Plaintiff's identification.

13.     Plaintiff gave the officers her identification as requested.

14.     The officers made some reference to alcohol, and Plaintiff informed them that she

did not have any alcohol.

15.     Plaintiff had not done anything that would lead any reasonable observer to believe

that she had any alcohol in her possession.

16.     Plaintiff also did not have a plastic cup with her, and did not consume any liquid

from a cup at or near that location and time.

17.     Shortly thereafter two female officers arrived, on information and belief

Defendant GRANT and JOHN DOE # 2 (who is, on information and belief, Defendant

EDWARDS).

18.     Plaintiff was told by the officers that she was not free to leave, and that she had to

wait there while they ran a warrant check.

19.     Plaintiff asked the officers, in sum and substance, why they were bothering her,

and told the officers that it was her birthday.

20.     Plaintiff told the officers that it was her birthday to try to convince them to stop

harassing her, and not related in any way to any alcohol.

4

21.     Defendant GRANT and JOHN DOE # 2 lied to Plaintiff and told her that she had a warrant out for her arrest.

22.     Plaintiff informed Defendant GRANT and JOHN DOE # 2 that there was no warrant out for her arrest.

23.     Defendant GRANT and JOHN DOE # 2 rear handcuffed Plaintiff.

24.     The handcuffs were applied with a painful and punitive tightness.

25.     Plaintiff told the officers that the handcuffs were excessively tight, but none of them loosened the handcuffs.

26.     Plaintiff was taken to the NYPD 28th Precinct.

27.     Plaintiff was held at the 28th Precinct for approximately one hour, and then released with a summons.

28.     The summons made false allegations against Plaintiff.

29.     The summons charged Plaintiff with possession of an open container of alcohol under § 10-125(b) of the New York City Administrative Code.

30.     That summons is signed by Defendant GRANT under penalty of perjury, and makes the following allegations against Plaintiff:

> At time place of occurrence [1:28 a.m. on 12/9/16, in front of 100 W. 114th Street] Defendant was observed with a clear plastic cup with dark brown liquid.  Defendant did consume contents in clear cup which was alcoholic beverage.

31.     These allegations are lies.

32.     Plaintiff did not have a plastic cup with her.

33.     Plaintiff did not consume any alcoholic beverage at or near that location.

34.     Plaintiff received a letter from the Criminal Court dated February 10, 2017

informing her that the charge against her had been dismissed.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36.      By their conduct and actions in assaulting and battering, falsely arresting and imprisoning, maliciously prosecuting, abusing process against, violating and retaliating for the exercise of rights to free speech of, violating rights to due process of, violating rights to equal protection of law of, fabricating evidence against, and failing to intercede on behalf of, Plaintiff, defendants GRANT, JOHN DOE SUPERVISOR, JOHN DOE # 1, JOHN DOE #2, EDWARDS, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

37.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM**

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

38.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers JOHN DOE SUPERVISOR and RICHARD ROES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

40.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**THIRD CLAIM**

**LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS**

41.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, arrests, and issuances of summons, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

46.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of issuing false summonses and making false arrests based upon quotas for the number of summonses / arrests that officers were expected to make.

8

Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

47.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

48.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49.     The conduct of defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City corrections officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

50.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**FIFTH CLAIM**

**MALICIOUS PROSECUTION**

51.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

53.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.


WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

        a.  Compensatory damages;

        b.  Punitive damages;

        c.  The convening and empanelling of a jury to consider the merits of the claims herein;

        d.  Costs and interest and attorney's fees;

        e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:          New York, New York
                September 25, 2018


                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980
                                        Attorney for Plaintiff